UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS ALVARADO,<br><br>                    Plaintiff,<br><br>     v.<br><br>RYAN T. BLACKHAWK;<br>DETECTIVE JOHN KEMPE;<br>IDAHO STATE TROOPERS; and<br>TRAVIS NALDER,<br><br>                    Defendants. | Case No. 1:22-cv-00293-BLW<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Thomas Alvarado's

Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the

Complaint to determine whether it should be summarily dismissed in whole or in

part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being

fully informed, the Court enters the following Order directing Plaintiff to file an

amended complaint if Plaintiff intends to proceed.

**1.     Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern

pleading standards, Rule 8 requires a complaint to "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity, to determine whether summary

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. § 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915A is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of

the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048,

1056 (9th Cir. 2016) (internal quotation marks omitted).

## 2.    Factual Allegations

Plaintiff is a federal prisoner incarcerated in Oregon. Plaintiff alleges that,

on March 11, 2013, he was arrested by the Idaho State Police in Power County.

*Compl.*, Dkt. 2, at 5. The arrest followed a traffic stop with a warrant that allegedly

"was never sign[ed] by an Idaho judge." *Id*.

Plaintiff was taken into custody and transported to Montana. On March 21,

2019, Plaintiff learned from a Montana state district court clerk that there had been

no warrant for his 2013 arrest. *Id*. Plaintiff asserts claims under the Fifth and Sixth

Amendments to the United States Constitution.[2] *Id*. at 9.

## 3.    Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court

will, however, grant Plaintiff 60 days to amend the Complaint. Any amended

complaint should take into consideration the following.

---

[2] Plaintiff also asserts that his transportation to Montana violated 18 U.S.C. § 1201, which
criminalizes kidnapping across state lines. *Compl.* at 9. However, Plaintiff, as a private citizen,
has no federal constitutional right to have another person criminally prosecuted. *See Linda R.S. v.
Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest
in the prosecution or nonprosecution of another."); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D.
Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and
there appears to be no federal constitutional right to have criminal wrongdoers brought to
justice."). Moreover, federal criminal statutes do not give rise to civil liability. *See Aldabe v.
Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. *Compl.* at 3. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The statute of limitation period for filing a civil rights suit under § 1983 is the statute of limitation period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). In Idaho, that limitations period is two years. *See* Idaho Code § 5-219.

Although the state statute of limitations governs the time period for filing a § 1983 claim, federal law governs when that claim accrues, or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the actual injury—not "when the plaintiff suspects a legal wrong." *Id.*

If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he

can show that the statute should have been tolled (or paused) for a certain period of time during the deadline period within which he should have filed the lawsuit. State tolling law applies to § 1983 actions unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Idaho law allows for tolling of the statute of limitations for a person's juvenile status or insanity. Idaho Code § 5-230. However, because the Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute," equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).

The doctrine of equitable *estoppel*, however, is available in Idaho. While it "does not 'extend' a statute of limitation," equitable estoppel works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc*., 887 P.2d 1039, 1041 (Idaho 1994). Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could

not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id.*

Plaintiff filed the instant Complaint, at the earliest, on June 30, 2022. *See Compl.* at 4.[3] However, his claims arose—at the latest—on March 21, 2019, when the Montana court clerk informed Plaintiff there had been no warrant for his 2013 arrest. Thus, the statute of limitations appears to have expired in March 2021, long before Plaintiff filed the instant Complaint in June 2022.

In any amended complaint, Plaintiff must show that his claims are timely or that the doctrine of equitable estoppel applies, as set forth above.

## 4.    Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed

---

[3] Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights actions).

deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. § 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. Plaintiff also must include facts showing that the claims in the Complaint are not time-barred.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other

pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a
pleading, whether filed as a matter of course or upon a motion to amend, must
reproduce the entire pleading as amended. The proposed amended pleading must
be submitted at the time of filing a motion to amend."); *see also Forsyth v.
Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint
supersedes the original, the latter being treated thereafter as non-existent."),
*overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896,
(9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*.,
896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by
entering judgment against a party named in the initial complaint, but not in the
amended complaint).

Plaintiff must set forth each different factual allegation in a separate
numbered paragraph. The amended complaint must be legibly written or typed in
its entirety, and it should be clearly designated as an "Amended Complaint."
Plaintiff's name and address should be clearly printed at the top left corner of the
first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to
Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if
the amendment does not comply with Rule 8, this case may be dismissed without
further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a

litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1.    The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

2.    If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

DATED: December 2, 2022

_____

B. Lynn Winmill
U.S. District Court Judge

---

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).