UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS ALVARADO,<br><br>                    Plaintiff,<br><br>     v.<br><br>RYAN T. BLACKHAWK;<br>DETECTIVE JOHN KEMPE;<br>IDAHO STATE TROOPERS; and<br>TRAVIS NALDER,<br><br>                    Defendants. | Case No. 1:22-cv-00293-BLW<br><br>**SUCCESSIVE REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Thomas Alvarado is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 14.

Plaintiff has now filed an Amended Complaint. Dkt. 15. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

## 1.    Screening Requirement and Pleading Standards

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## 2.    Discussion

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court previously explained that Plaintiff's claims appeared barred by the statute of limitations. *See* Dkt. 14. Plaintiff's amended complaint does not establish that his claims are timely or that he is entitled to equitable estoppel.

Accordingly, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted and as legally frivolous.

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Motion to Review the Amended Complaint (Dkt. 16) is GRANTED IN PART, to the extent that the Court has reviewed Plaintiff's Amended Complaint.

2.    The Amended Complaint fails to state a claim upon which relief may be granted and is legally frivolous. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 14), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

DATED: March 30, 2023

_____

B. Lynn Winmill
U.S. District Court Judge

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3